UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

ECCLESIASTICAL DENZEL
WASHINGTON

    Plaintiff,

v.

LARRY DENNEY, et al.

    Defendants.

No. 2:14-cv-06118-NKL

**ORDER**

*Pro-se* non-party Melvin Leroy Tyler moves to stay the injunction this Court entered and to appoint counsel. Docs. 219 and 220. *Pro se* non-party Brook A. Meinhardt similarly moves for a writ of injunction or writ of prohibition. Doc. 222. For the reasons explained below, the non-parties' motions are denied.

### I. Background

On September 21, 2017, upon the parties' joint motion, the Court entered an order for postjudgment injunctive relief, requiring the Missouri Department of Corrections, on or before April 1, 2018, (i) to amend its smoking policy to prohibit the sale, possession, and consumption of all tobacco products—except for authorized religious purposes—inside correctional buildings and on the grounds inside the correctional perimeter in each of the specified facilities, and (ii) to thereafter enforce that policy. Doc. 215. The non-party movants seek to undo the injunctive relief that the Court ordered.

## II. Discussion

### a. Timeliness

Even assuming for the sake of argument that the parties would have been entitled to intervene or to submit materials to the Court as amicus curiae in this action, they have attempted to do so over six months after the Court entered the order granting the injunctive relief at issue. *Compare* Doc. 215 (filed September 21, 2017) *with* Docs. 219 (filed March 26, 2018), 220 (filed March 27, 2018), and 222 (filed April 20, 2018). The non-parties do not explain their delay.

Given the stage of the litigation—the fact that the parties vigorously litigated whether injunctive relief was appropriate, then negotiated, at arms' length, a settlement that resulted in the Court's ordering of the injunctive relief several months ago—the Court finds that the post-judgment motions are untimely. *See Hodge v. United States*, No. 08-CV-4072-DEO, 2009 WL 10697630, at *4 (N.D. Iowa Mar. 17, 2009) (holding that "the determination of whether to permit amicus briefing lies solely within the district court's discretion" and that timeliness is relevant), *aff'd*, 602 F.3d 935 (8th Cir. 2010); *Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1095 (8th Cir. 2011) (affirming denial of motion to intervene based on untimeliness).

### b. Irreparable Harm

Because both non-parties seek to reverse the injunction that the Court previously ordered, to which the parties previously agreed, the relief that the non-parties seek is injunctive in nature. Yet, neither party has established a likelihood of irreparable harm, as one seeking injunctive relief must. *See Powell v. Noble*, 798 F.3d 690, 702 (8th Cir. 2015) (affirming denial of preliminary injunctive relief where movant "ha[d] not shown a threat of irreparable harm"). Mr.

Tyler alleges no personal harm at all. He states that he does not smoke or otherwise consume tobacco; he brings the motion on behalf of other prisoners who consume tobacco. Although he states that he is concerned that mentally ill prisoners would do violence or otherwise create chaos if forced to give up tobacco, he does not allege that he himself would be harmed in any way—either directly or indirectly—by the continuation of the prohibition against selling, possessing, or consuming tobacco products on correctional facility grounds.

Mr. Meinhardt asserts that he has experienced painful withdrawal symptoms as the result of the prohibition against the sale, possession, or consumption of tobacco. Yet, his request for alternate relief in the form of the distribution "free of charge" of "nicotine tablets to curb the painful torturous cravings" (Doc. 222, at 10) indicates that nicotine tablets would improve his symptoms. He therefore cannot be in danger of irreparable harm absent an injunction. The fact that Mr. Meinhardt may need to pay for the nicotine tablets out of pocket does not render his withdrawal symptoms irreparable. *See H&R Block Tax Servs. LLC v. Frias*, No. 18-00053-RK, 2018 WL 934901, at *3 (W.D. Mo. Feb. 16, 2018) (noting that if monetary remedies can adequately compensate for improper conduct, the harm is not irreparable). Moreover, given the well-known harmful effects of tobacco use,[1] the tobacco-free prison environment will not irreparably harm Mr. Meinhardt. Finally, to the extent that Mr. Meinhardt insists that the prohibition against tobacco interferes with his religious rights, the exception in the order "for authorized religious purposes" protects him. Doc. 215, at 3.

---

[1] *See, e.g., Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 125 (2000) (describing "tobacco use" as "one of the most troubling public health problems facing our Nation today" because of the "thousands of premature deaths that occur each year" as the result).

3

Thus, the motions must be denied for the additional reason that neither movant has alleged, let alone demonstrated, irreparable harm.

### c. Standing

To the extent that Mr. Tyler in effect seeks to intervene in this action, the motions must be denied for the additional reason that he lacks standing. Mr. Tyler states that he brings the motion for the sake of mentally ill prisoners who, he fears, would do violence or otherwise create chaos in Missouri prisons if forced to give up tobacco. Mr. Tyler therefore lacks standing to intervene in this action. *See Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994 ("Our cases are clear that an inmate cannot bring a denial-of-access claim on behalf of another inmate who is able to bring such a claim in his or her own name. . . . Nowhere did they assert that inmates in the closed areas were prevented from receiving legal assistance or that they were unable to make such claims themselves. Thus, appellants lacked standing to bring these claims.").

### III. Conclusion

For the foregoing reasons, the non-parties' motions are denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 16, 2018  
Jefferson City, Missouri

4

Case 5:14-cv-06118-NKL    Document 224    Filed 05/16/18    Page 4 of 4