# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ECCLESIASTICAL DENZEL WASHINGTON<br><br>Plaintiff,<br>v.<br><br>LARRY DENNEY, et al.<br><br>Defendants. | No. 2:14-cv-06118-NKL |

**ORDER**

*Pro-se* non-party David Barnett moves for leave to appeal out of time from the Court's order denying his motions to intervene and to terminate the judgment in this case. He also moves for leave to appeal *in forma pauperis*. For the reasons discussed below, the motions are denied.

The time to appeal from the Court's July 16, 2018 order expired on August 15, 2018. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

The Court's authority to extend the time to appeal is limited. Federal Rule of Appellate Procedure 4(a)(5)(A) permits the Court to extend the time to file a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires . . . ." Thus, under Rule 4(a)(5)(A), the Court could have considered a motion to extend the time to appeal if it were filed within 30 days of August 15, 2018, *i.e.*, on or before September 14, 2018. Mr. Barnett's motion, however, was postmarked September 24, 2018. The Court therefore does not have authority to extend Mr. Barnett's time to appeal.

Mr. Barnett argues that the Court is permitted to grant a motion if the party shows "excusable neglect," citing Rule 4(a)(5)(A)(ii). However, Mr. Barnett ignores the "and" preceding subsection (ii) of Rule 4(a)(5)(A). *See* Rule 4(a)(5)(A) ("The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; *and* (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.") (emphasis added). That overlooked "and" means that, regardless of whether there was excusable neglect, if the motion for leave to appeal out of time was not timely made, the Court is not authorized to grant an extension.

Mr. Barnett also argues that the Court should permit him to appeal because it extended the time for another *pro se* non-party, Mr. Tyler, to move for reconsideration or to appeal an order. But Mr. Tyler filed his motion for leave to appeal out of time well within the 30-day time period provided for in Rule 4(a)(5)(A). *See* Doc. 224 (May 16, 2018 order); Doc. 236 (June 29, 2018 motion for leave to move for reconsideration or to appeal). Thus, upon Mr. Tyler's timely motion, the Court had authority under Rule 4(a)(5)(A) to grant his motion for leave to appeal out of time. That is not the case here.

Mr. Barnett also is not eligible to try to reopen the time to appeal pursuant to Rule 4(a)(6). That rule permits the Court to reopen the time to file an appeal "only if . . . the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry" and "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . of the entry, whichever is earlier." However, Mr. Barnett has not claimed that he did not receive notice of the Court's order, let alone that he moved to reopen the time to appeal within 14 days of receiving notice of its entry.

His only explanation for his missing the deadline is that he misread the applicable rule.  *See* Doc. 246, p. 2.  The Court therefore lacks the authority to reopen the time to file an appeal.

For the reasons explained above, Mr. Barnett's motion for leave to appeal out of time is DENIED.  His motion for leave to appeal *in forma pauperis* accordingly is DENIED as moot.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  November 7, 2018  
Jefferson City, Missouri